STRAFFORD.

---

CONVERSE & a. v. BOSTON & MAINE RAILROAD.

A common carrier's unauthorized delivery of goods may be ratified by the consignee.

The plaintiffs contracted to furnish C. a certain quantity of slate, to be delivered at F., which they subsequently delivered to the defendants to be transported to F., directed to themselves. On their arrival they were delivered to C. by the defendants' agent. The plaintiffs thereupon brought a suit against C. to collect pay for the slate. C. gave them an order on D.; and they gave C. a receipted bill of the slate, and allowed him to use them. The order was not accepted or paid; and the suit was entered and continued to the third term. Four months after the suit was brought

against C., the plaintiffs brought this suit. *Held*, that the delivery to C. was ratified, and that the plaintiff could not recover of the defendants.

CASE, for a quantity of slate delivered to the defendants as common carriers, and alleged to have been lost.

The plaintiffs introduced evidence tending to show that they contracted with one C. to furnish slate for a school-house he was erecting in Farmington, terms to be "Cash on delivery." They ordered the slate to be sent, directed to themselves at F., and soon after received a bill for the freight, accompanied by a letter from the station-agent at F. Soon afterwards one of the plaintiffs went to F. to see about the slate. He found them at the school-house, and workmen engaged in putting them on. C. was not there; and, finding the slate had all been delivered, he sued C., in the name of the firm, and summoned the school-district as trustee. Soon after this C. called on the plaintiffs, complained because they had sued him, and gave them an order on the district; and one of the plaintiffs gave him a receipted bill of the slate. The order was not accepted nor paid, and the plaintiffs have never been paid. The action against C. was entered in court, and continued until the third term, when it was dismissed. Motion to direct a verdict for the defendants denied.

*Hatch*, for the defendants.

*Wheeler*, for the plaintiffs.

STANLEY, J. The slate were delivered to C. If the delivery was authorized, the plaintiffs have no claim against the defendants. If the delivery was unauthorized, and they subsequently ratified it, the ratification is equivalent to an authorized delivery, and is an effectual bar to the plaintiffs' recovery.

The plaintiffs knew the slate had been delivered. They sued C. to recover the pay for them, basing their claim upon a sale and delivery. They took an order on the district for their pay, and gave C. a bill of the slate receipted. The order was not paid; and they entered their suit in court, and continued it until the third term. They neglected to make any claim upon the defendants until more than four months after the delivery to C. was known to them, and after the commencement of their suit against C. to recover their pay.

Upon the most favorable view of this evidence, there was nothing upon which the jury could properly find a verdict for the plaintiffs. Here was no evidence in favor of the plaintiffs to be weighed by the jury, no inferences were to be drawn from facts proved, nor was the credibility of witnesses to be passed on. Upon the uncontradicted testimony of the plaintiffs, the delivery by the defendants to C. was ratified. The court should therefore have directed a verdict for the defendants.

*Verdict set aside.*

CLARK, J., did not sit: the others concurred.